UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL KERIGA, individually and on behalf of others similarly situated, | Case No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| ATTENDING HOME CARE SERVICES, LLC, | **FLSA Collective Action and Rule 23 Class Action Complaint** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff EMMANUEL KERIGA, by and through counsel, on his own behalf and on behalf of all others similarly situated, alleges upon information and belief, except as to the allegations pertaining to Plaintiff that are alleged upon personal knowledge, as follows:

## INTRODUCTION

1.     This action arises out of violations by Defendant ATTENDING HOME CARE SERVICES, LLC ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiff EMMANUEL KERIGA ("Plaintiff") and others similarly situated for all hours worked at the legally required minimum hourly wage rates and for its failure to pay them federally and state mandated overtime.

2.     Plaintiff brings this action on behalf of himself and all similarly situated current and former personal care assistants and/or home health aides of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of their lawful minimum and overtime wages.

3.      Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former personal care assistants and/or home health aides of Defendant, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for unpaid minimum and overtime wages pursuant to NYLL §§ 650 *et seq* and its implementing regulations.

4.      Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to Federal and New York statutes.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that together they form part of the same case or controversy.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that its principal place of business is located in this district and because Plaintiff labored for Defendant in this judicial district.

## THE PARTIES

8.      Plaintiff Emmanuel Keriga is a resident of Bronx County in the State of New York.  Defendant employed Plaintiff from in or around May of 2014 until the present.

9.      Defendant ATTENDING HOME CARE SERVICES, LLC, is incorporated in the State of New York with its principal place of business located at 1125 Fulton Street, Brooklyn, New York.

10.     Defendant provides home care services to disabled individuals throughout metropolitan New York City and surrounding areas.

11.    At all times relevant to this Complaint, Defendant employed Plaintiff, and Plaintiff was Defendant's employee, within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

12.    At all times relevant to this action, Defendant, was engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00, and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*.

13.    At all times relevant to this action, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

## STATEMENT OF FACTS

14.    Defendant at all relevant times herein employed Plaintiff and others similarly situated as personal care assistants and/or home health aides to work in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

15.    Plaintiff worked for Defendant at various times between 2014 and the present in the residences of Defendant's clients throughout the metropolitan area.

16.    The job duties of Plaintiff, the FLSA Collective and Class Members included, but were not limited to the following: household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendant assigned them ("consumer" or "client").

17.    Plaintiff, like each of the other FLSA Collective and Class Members, was responsible for all aspects of his assigned consumers' welfare, including but not limited to providing companionship, preparing meals, assisting in toileting and grooming, administering medication, accompanying their assigned consumers on outings to shops or other trips or

errands, laundering, and house cleaning. These services were mostly provided in the homes of Defendant's consumers.

18.    Plaintiff was usually assigned to work at least three (3) consecutive twenty-four (24) hour shifts per week. Thus, Plaintiff regularly worked at least seventy-two (72) hours per week and sometimes worked up to one hundred twenty (120) hours per week. During the entire seventy-two (72), ninety-six (96), or one hundred twenty (120) hours, Defendant required Plaintiff to remain with their consumer(s).

19.    Plaintiff and the Class Members do not "live on the premises of their employer." Therefore, Plaintiff and the Class Members are not "residential employees" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

20.    Moreover, Plaintiff and the Class Members each maintain their own residences and do not reside in the homes of Defendant's consumers.

21.    While working their twenty-four (24) hour shifts, Defendant required Plaintiff, the FLSA Collective and Class Members to stay overnight at the residences of Defendant's clients and monitor and attend to them, throughout their shifts. These shifts were known as "live in" or "sleep in".

22.    While employed by Defendant, Plaintiff, the FLSA Collective and Class Members regularly worked between forty-eight (48), ninety-six (96), and one hundred twenty (120) hours per week, and on occasion, more. During said time, Defendant prohibited Plaintiff, the FLSA Collective and Class Members from leaving their assigned client(s) and required them to constantly attend to their client(s).

23.    During every minute of their assigned shifts, Defendant controlled the activities in which Plaintiff, and the FLSA Collective and Class Members, were allowed to engage.

24.     During their entire shifts, Plaintiffs, and the FLSA Collective and Class Members, were not free to leave their places of employment during their entire forty-eight (48), seventy-two (72), ninety-six (96), and/or one hundred twenty (120) hours of work.

25.     Plaintiff was responsible for providing care for his assigned consumers when they woke up during the nighttime, which regularly happened up to four times per night.

26.     Plaintiff was regularly disturbed during his sleep and had to assist in toileting, administering water and medication, turning, and/or monitoring medical conditions.

27.     Plaintiff generally worked between seventy-two (72) and ninety-six (96) hours per week, in three (3) or (4) consecutive twenty-four (24) hour shifts, from Friday 8 AM until Monday 8 AM or from Wednesday 8:00 AM until Sunday 8:00 AM.

28.     For each twenty-four (24) hour shift that he worked, Defendant paid Plaintiff approximately $10.00 to $11.00 per hour for thirteen (13) of the twenty-four (24) hours.

29.     When Plaintiff worked shifts fewer than twenty-four (24) hours, Defendant paid him at an hourly rate of $10.00 to $11.00 per hour.

30.     Despite the work that Plaintiff regularly performed during his meal-times and the nighttime hours, he was only paid approximately $136.00 for each twenty-four (24) hour shift, or approximately $5.67 per hour.

31.     At the beginning and end of each of the Plaintiff's, and the FLSA Collective and Class Members' work shifts, Defendant required them to place a telephone call to Defendant's automated time keeping system to record their hours.

32.     Defendant did not pay Plaintiff, and the FLSA Collective and Class Members, for all recorded time and/or hours worked.

33.    Defendant at all times herein relevant failed to make and keep contemporaneous records of all of Plaintiff's, and the FLSA Collective and Class Members', work hours, including but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a and 12 N.Y.C.R.R. § 142-2.6.

34.    Throughout their respective tenures, Plaintiff rarely if ever received uninterrupted, continuous, and completely-relieved-of-duty sleeping and meal periods because he assisted, monitored, rotated, toileted and responded to his assigned clients throughout his shifts, including during alleged sleeping and meal periods.

35.    At all relevant times, even though Plaintiff regularly worked through the night and did not receive five (5) hours uninterrupted sleep, Defendant automatically deducted from Plaintiff's wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiff in fact worked through said time periods.

36.    At all relevant times, as a result of the foregoing, Defendant often paid Plaintiff, the FLSA Collective and Class Members, at rates well below the minimum wage, in violation of the FLSA and NYLL.

37.    At all relevant times, Defendant failed to pay Plaintiff, and the FLSA Collective and Class Members, overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

38.    Defendant's recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendant to prove it paid fully all personal care assistants and/or home health aides the minimum wage and overtime.

39.     The work performed by Plaintiff, the FLSA Collective and Class Members was non-exempt as defined by the FLSA and the NYLL and its implementing regulations.

40.     Plaintiff and the Class Members are not *companions* as defined by 12 N.Y.C.R.R. § 142-2.14 because they do not live in the homes of their employers.  Moreover, providing companionship is only incidental to the many duties that they perform, which include housekeeping.

41.     Plaintiff, and the FLSA Collective and Class Members, were neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol.  Plaintiff, as well as the FLSA Collective and Class Members, were subject to the control, policies, and procedures of Defendant in making decisions in the course of their employment.

42.     Defendant monitored Plaintiff's, the FLSA Collective and Class Members' compliance with their guidelines, procedures, and policies by periodically reviewing their work performance, and by sending supervisors and individuals from management to periodically observe them.

43.     When divided by the number of hours worked per week, the hourly rates Defendant paid Plaintiff, the FLSA Collective and Class Members regularly amounted to less than the minimum wage.

44.     Plaintiff and the Class Members were and are entitled to be paid the greater of one and one-half (1 1/2) times the minimum wage or their regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA and/or the NYLL and its implementing regulations.

45.    Plaintiff and the FLSA Collective were and are entitled to be paid at one and one half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) hours that they worked in any workweek after January 1st, 2015.

46.    Defendant failed to pay Plaintiff and the Class Members an extra hour of pay at the minimum wage rate for each day that their workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

47.    At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

48.    Defendant failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

49.    Defendant violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

50.    At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiff and the Class Members "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

51.    Defendant's posting, wage statement, and notice violations prevented Plaintiff and the Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

52.    Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

53.    Defendant's unlawful conduct has been widespread, repeated and consistent even after litigation on the exact same issue; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

## COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiff brings the First and Second Causes of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated (the "FLSA Collective members"), which shall include:

> All persons who work or worked as "live in" or "sleep in" home attendants for Defendant from on or after the date that is three years before the filing of the Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA.

55.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Members.  There are numerous similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  These similarly situated employees are readily identifiable, and can be located through Defendant's records that they are required to create and maintain under applicable federal and state law.  Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

56.    The members of the FLSA Collective are similarly situated.  They all work in the same job classification and have substantially similar job requirements and pay provisions.  They are all subject to a common practice, policy, or plan that requires or permits them to perform work (i) for an hourly wage that is below the legal minimum wage required by section 206 of the FLSA, and (ii) without being paid all of the overtime wages required by section 207 of the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

57.    Plaintiff brings the Third through Sixth Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Rule 23 Class" or "Class"), consisting of:

> All persons who work or worked as "live in" or "sleep in" home attendants for Defendant from on or after the date that is six years before the filing of the Complaint in this case through the date the Court certifies the class. Excluded are the named Defendant and any persons who are related by blood or marriage to the named defendant.

58.    The Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Rule 23 Class members is unknown, it is believed that there are well over one hundred potential class members who worked during the six year limitations period. The identity of the Rule 23 Class members is contained in the employment records that Defendant is required to create and maintain under state and federal law.

59.    Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. The claims of the members of the Rule 23 Class depend upon common questions of such a nature that they will generate common answers apt to drive the resolution of this litigation. Among the questions of law and fact common to the Rule 23 Class are:

      i.    Whether Defendant has and is engaged in a pattern or practice of failing to pay Plaintiff and the Rule 23 Class at an hourly rate equal to or greater than the basic minimum hourly wage rate for all hours worked in violation of the NYLL;

ii.      Whether Defendant violated the NYLL by failing to pay Plaintiff and the Rule 23 Class overtime wages for all hours worked in excess of forty (40) in a workweek;

iii.     Whether Defendant violated the NYLL by failing to pay Plaintiff and the Rule 23 Class an extra hour's pay for the "spread of hours" when they worked a workday ten (10) or more hours long;

iv.     Whether Defendant violated the NYLL by failing to provide Plaintiff and the Rule 23 Class with proper pay statements as mandated by N.Y. Lab. Law § 195(3);

v.      Whether Defendant violated the NYLL by failing to provide Plaintiff and the Rule 23 Class with wage notices as mandated by N.Y. Lab. Law § 195(1);

vi.     Whether Defendant was unjustly enriched by their wage policies; and

vii.    Whether Defendant's actions were willful.

60.     Plaintiff's claims are typical of the claims of the Rule 23 Class as Plaintiff and the members of the Rule 23 Class have sustained damages arising out of Defendant's conduct in violation of the NYLL as complained of herein.  Plaintiff and the Rule 23 Class members are current and former "live in" or "sleep in" home attendants, employed by Defendant, who sustained damages, including underpayment of wages, as a result of Defendant's compensation policies and practices.  The defenses that likely will be asserted by Defendant against Plaintiff are typical of the defenses that Defendant will assert against the Rule 23 Class members.

61.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.  Plaintiff has no interests antagonistic to or in conflict with the interests of the Rule 23

Class as a whole.  Plaintiff has retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the class.

62.    The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual Rule 23 Class members.

63.    Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Rule 23 Class is readily identifiable from records that Defendant is legally required to maintain.

64.    Prosecution of separate actions by individual Rule 23 Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class that would establish incompatible standards of conduct for Defendant.

65.    Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

**FIRST CAUSE OF ACTION**
**(Minimum Wage Violations of the FLSA - Brought by Plaintiff**
**on Behalf of Himself and the FLSA Collective Plaintiffs)**

66.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

67.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

68.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

69.     Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

70.     Throughout the statute of limitations period covered by these claims, Defendant has had annual gross revenues in excess of $500,000.

71.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent form is attached hereto as Exhibit A and incorporated by reference herein.

72.     Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff and others similarly situated at the required minimum wage for each hour worked.

73.     Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and others similarly situated at the federally mandated minimum wage for all hours worked.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

74.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

75.     As a result of Defendant's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay at the federally required rate for all of their hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Overtime Violations of the FLSA - Brought by Plaintiff
on Behalf of Himself and the FLSA Collective Plaintiffs)**

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

77.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

78.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

79.    Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

80.    Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiff and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiff and others similarly situated at the required overtime rates for each hour worked above forty (40) per workweek.

81.    Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and others similarly situated the federally mandated overtime wages for all hours worked above forty (40) per workweek.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

82.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

83.    As a result of Defendant's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay at the federally required rates for all of their overtime hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**New York Labor Law, Article 19: Minimum Wages and Overtime Wages**
**(Brought by Plaintiff on Behalf of Himself and the Rule 23 Class)**

84.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

85.     At all times relevant hereto, Plaintiff and the members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

86.     At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

87.     It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

88.     Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly violated the Plaintiff's and the Class Members' rights by failing to pay them compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its regulations.

89.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

90.     Also as detailed above, Defendant's actions were willful.

91.     Due to Defendant's NYLL violations, Plaintiff, on behalf of himself and the Class Members, seeks damages in the amount of their respective unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, pre-judgment and post-judgment interest, attorneys'

fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### New York Labor Law, Articles 6 and 19—Spread of Hours Pay
### (Brought by Plaintiff on Behalf of Himself and the Rule 23 Class)

92.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

93.    Throughout the Class Period, Defendant failed to pay Plaintiff and the members of the Rule 23 Class an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

94.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Notice Violations:  New York Labor Law § 195(1)
### (Brought by Plaintiff on Behalf of Himself and the Rule 23 Class)

95.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

96.    During the Class Period the NYLL was amended twice.

97.    Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  N.Y. Lab. Law § 195(1) (2010).

98.     Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiffs and the Rule 23 Class, are entitled to overtime pay under the laws and regulations of New York.

99.     Defendant never provided Plaintiff and the Rule 23 Class with a written notice that accurately stated their "regular hourly rate and overtime rate of pay."

100.     From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-b) (2010).

101.     Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

102.     However, the penalties were increased.  Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 *per workday* with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

103.     Plaintiff seeks the statutory penalty for himself and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Notice Violations:  New York Labor Law § 195(3)**
**(Brought by Plaintiff on Behalf of Himself and the Rule 23 Class)**

104.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

105.     During the Class Period the NYLL was amended twice.

106.     Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages.  N.Y. Lab. Law § 195(3) (2010).

107.    From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-d) (2010). This penalty was increased effective February 27, 2015, to $250.00 **per workday** with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

108.    Defendant has willfully failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

109.    Plaintiff seeks the statutory penalty for himself and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, prays for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a class action on behalf of the Rule 23 Class;

(c)    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Rule 23 Class;

(d)    An award of damages, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendant;

(e)    An award of damages to Plaintiff and the Rule 23 Class for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(f)    Costs of action incurred herein, including expert fees;

(g)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(h)    Pre-judgment and post-judgment interest, as provided by law; and

(i)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: October 10, 2017                    Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiff, Proposed Collective Plaintiffs and Proposed Class Members*

# Exhibit "A"

I am a current or former employee of Attending Homecare Services, LLC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

DocuSigned by:

*Emanuel Keriga*

156D6A6ADCDD405...

9/30/2017

_____

Signature

Emanuel Keriga

_____

Full Legal Name (print)