# Harrison, Harrison & Associates, Ltd.

65 BROADWAY, 7th Floor
NEW YORK, NY, 10006
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

December 12, 2018

VIA ECF

Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *KERIGA v.* ATTENDING HOME CARE SERVICES, LLC
        <u>17-cv-06019 (RER)</u>

Dear Judge Reyes:

We represent the two plaintiffs — Emmanuel Keriga and Marie Regourd[1] (collectively, "Plaintiffs") — in the above-referenced matter.  The parties are pleased to advise the Court that they have settled this matter and the parties respectfully request that the Court approve the Settlement Agreement entered into between the parties in this matter, a copy of which is attached hereto as Exhibit "1" (the "Agreement"), and determine the terms of the settlement to be final, fair, reasonable, adequate, and binding on the parties.

## <u>SETTLEMENT TERMS</u>

With the assistance of mediator Elliot Shriftman, Esq., the parties agreed to settle the FLSA claims in this case for a total of $20,000.00 (the "Settlement Amount").  The terms of the Agreement provides that in exchange for wage and hour releases from both Plaintiffs, Defendants will pay Plaintiffs a total of $13,750.00 – with Plaintiff Keriga receiving $10,000.00 and Plaintiff Regourd receiving $3,750.00,[2] plus $6,250.00 for attorney's fees.

The Agreement reflects a compromise between the Plaintiffs and the Defendants.  While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because, in addition to receiving their money much sooner, and not having to wait months or years, Plaintiffs could not afford to take the risk that they may lose at trial.

---

[1] Ms. Regourd filed a consent to join this case on October 17, 2017.
[2] Both Plaintiffs agreed to a roughly 73/27% percent split in favor of Plaintiff Keriga – in accordance with the strength of their respective claims.

1

There were other risks involved in continuing to trial. One risk with proceeding to trial was that Plaintiffs were subject to an arbitration agreement that required them to arbitrate their claims in secret arbitration (without any right of appeal). Defendants' counsel also informed Plaintiffs' counsel that Defendants had multiple witnesses (including a former case manager and at least one former co-worker who worked with the same patient as Plaintiffs) who were willing to testify against Plaintiffs at the arbitration hearing – thus heightening the risks that Plaintiffs may not be believed and that they could lose at trial. Moreover, because neither side had proper records of the claimed off-the-clock work, the amount of any overtime and unpaid wages found to be owed to Plaintiffs may be less than their estimated unpaid wages and/or the Settlement Amount.

Another factor involved in Plaintiffs' decision to settle this suit was because they wanted their payments sooner, rather than having to wait many months or several years for payment. Plaintiffs also wished to forego the hassle and expense of proceeding through discovery, conferences, depositions, and trial. They also did not want to take time off for depositions, conferences, and trial.

Plaintiffs – and Defendant – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## ATTORNEYS' FEES & COSTS

From the Settlement Amount of $20,000, $6,250.00 (approximately 31%) is allocated for Plaintiffs' counsel's attorneys' fees.[3] This amount is less than the one-third contingency agreed upon by each of the Plaintiffs in their retainer agreements and which is regularly approved in this circuit in FLSA and NYLL cases. *See Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG)(MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA and NYLL case, and stating that the "percentage-of-recovery method . . . is consistent with the trend in this Circuit."); *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (awarding 32.9% of the settlement amount in FLSA and NYLL case.); *Rangel v. 639 Grand St. Meat & Produce Corp*., 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013)("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 179 (E.D.N.Y. 2012) (Go, M.J.) (finding "Class counsel's requested fee, 33% of the settlement, reasonable under the circumstances of this case and 'well within the range accepted by courts in this Circuit.'").

In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreements and that the Court discontinue this case with prejudice. We thank the Court for its attention to this matter.

---

[3] Plaintiffs' counsel also agreed to absorb, and not seek recovery for, the approximately $775 in costs absorbed in this case ($475 for the court filing fee and process server and $300 for the mediation room rental fee).

Respectfully submitted,
/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Emmanuel Keriga, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Keriga"), and Marie Regourd, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Regourd") (collectively "Plaintiffs") on the one hand,   and ATTENDING HOME CARE SERVICES, LLC ("Attending" or the "Company"), as defined in Paragraph 1, below, on the other hand.

**WHEREAS**, on or about October 16, 2017, Keriga commenced an action against Attending in the United States District Court for the Eastern District of New York, where it was assigned Civil Action Case Number 17 CV 06019, alleging, among other things, that Attending violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage, spread of hours, and overtime compensation (the "Action");

**WHEREAS**, on or about October 17, 2017, Regourd filed a consent to join the Action;

**WHEREAS**, on or about November 14, 2017, the Court issued an Order staying the Action while Plaintiffs and Attending mediate and/or arbitrate Plaintiffs' claims pursuant to the mandatory Adjustment of Disputes procedure contained in the Collective Bargaining Agreement between Local 1660 Home Healthcare Workers of America and Attending Home Care Services, LLC;

**WHEREAS**, a bona fide dispute exists as to whether and how much the Company owes to Plaintiffs under the FLSA for wages, overtime compensation, liquidated damages, and other relief, and the Company denies any wrongdoing;

**WHEREAS**, Plaintiffs and the Company participated in mediation pursuant to the collective bargaining agreement, and its amendments, between the Company and Local 1660 Home Healthcare Workers of America;

**WHEREAS**, the Company denies all allegations of wrongdoing made by Plaintiffs and a Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS**, the (Parties desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.        **Definition of Attending**.  For purpose of this Agreement, "Attending" or "the Company" is defined to include any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, owners, shareholders, officers, and directors, and their spouses, heirs, executors, testators,

representatives, agents, successors and assigns, in their individual and representative capacities as such.

2.    **Consideration**:  As full settlement and final satisfaction of any and all claims that Plaintiffs had, have or may have against the Defendant, pursuant to the FLSA, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiffs set forth in Paragraph 4, the Company shall pay Plaintiffs within fourteen (14) days of Plaintiffs' execution of this Agreement the total sum of TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) (hereinafter, the "Settlement Amount"), payable as follows:

(a)    a check made payable to "Emmanuel Keriga" in the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime and other wages under the FLSA.  The Company shall issue Keriga an IRS Form W-2 with respect to this payment;

(b)    a check made payable to "Emmanuel Keriga" in the amount of Five Thousand Dollars and No Cents ($5,000.00), from which no taxes shall be withheld, representing payment for alleged interest and liquidated damages and penalties under the FLSA, for which the Company shall issue Keriga an IRS Form 1099-MISC;

(c)    a check made payable to "Marie Regourd" in the gross amount of One Thousand Eight Hundred Seventy Five Dollars and Zero Cents ($1,875.00), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime and other wages under the FLSA.  The Company shall issue Regourd an IRS Form W-2 with respect to this payment;

(d)    a check made payable to "Marie Regourd" in the amount of One Thousand Eight Hundred Seventy Five Dollars and Zero Cents ($1,875.00), from which no taxes shall be withheld, representing payment for alleged interest and liquidated damages and penalties under the FLSA, for which the Company shall issue Regourd an IRS Form 1099-MISC; and

(e)    a check made payable to "Harrison, Harrison & Associates, Ltd." in the amount of Six Thousand Two Hundred Fifty Dollars and Zero Cents ($6,250.00), for which the Company will issue an IRS Form 1099-MISC to both Harrison, Harrison & Associates, Ltd. and Plaintiffs, representing payment for Plaintiffs' attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Harrison, Harrison & Associates, Ltd., and/or any other law firm or attorney.

(f)    Pursuant to Paragraph 7 below, concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.  All payments set forth above shall be delivered via overnight mail to Plaintiffs' counsel, Harrison, Harrison & Associates, Ltd., 110 State Highway 35, Suite 10, Red Bank, New Jersey 07701, who shall hold the Settlement Amount in escrow and not distribute the Settlement Amount until the Effective Date (as defined below in Paragraph 26) of this Agreement.

3.      **Full Payment**:   Plaintiffs agree and affirm that the payments described in Paragraph 2 above shall constitute full accord and satisfaction.   This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendant under the FLSA as alleged in the Action.  Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses under the FLSA.

4.      **Release of Claims:** Plaintiffs, individually and on behalf of themselves and, if any, their spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against the Company, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities as such (collectively, with Attending, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or any federal wage statute, code, or ordinance ("Released Claims").  Nothing in this Paragraph 4 shall preclude Plaintiffs from seeking to enforce the terms of this Agreement.

5.      **Covenant Not to Sue**:   Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Releasees concerning any matter released in this Agreement.   If Plaintiffs breach the provision of this Paragraph, Attending will be entitled to seek recovery of its costs, including its reasonable attorneys' fees, relating to Attending's enforcement of this Agreement and/or defense of such claims.

6.      **Claims Excluded from the Agreement**:     Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiffs from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to  any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the New York State Department Labor, U.S. Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiffs are waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiffs' behalf, except for any right Plaintiffs may have to receive a payment from a government agency (and not Attending) for information provided to the government agency.

7.      **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

3

(a)      The Parties intend for the Plaintiffs to waive any and all claims they may have against the Defendant under the FLSA and, therefore, desire that this Agreement be approved by the United States District Court.

(b)      Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court.

(c)      Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder.   Failure of the Court to approve this Agreement, and the specific amounts to be paid as set forth in this Agreement, and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement.

8.      **Taxes and Withholding**:  If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, Plaintiffs agree that they shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to them individually or on each Plaintiff's behalf, and that they shall protect, indemnify and hold harmless the Attending and Releasees from any withholding or tax payment, interest and penalties paid by the Attending thereon with respect to the payment of any such taxes.

9.      **No Admission of Liability**:   Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Attending under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment.  Defendant has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiffs, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.      **Bona Fide Dispute**: This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA claims and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11.      **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

12.      **No Other Complaints or Charges**:  Plaintiffs hereby represent that, other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.  Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with Defendant.

13.      **Severability**:  The Parties agree that, in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or

provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14.    **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

15.    **Jurisdiction**:  The Parties expressly agree that any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement, shall be decided by an arbitrator through arbitration and not by way of court or jury trial in accordance with the Arbitration provisions contained in the collective bargaining agreement, and its amendments, between the Company and Local 1660 Home Healthcare Workers of America.

16.    **Assignment of Claims**:  Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17.    **Voluntary Agreement**:  Plaintiffs represent and agree that:

(a)    They are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and they are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them by their attorneys, Harrison, Harrison & Associates, Ltd.;

(b)    To the extent that they were unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for them into their respective primary languages and/or explained to them in their respective primary languages by their attorneys or their representatives;

(c)    They have signed this Agreement freely and voluntarily and without duress;

(d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

(e)    That the Union fully and fairly represented them in all aspects of this matter;

(f)    They were advised and hereby are advised to consider carefully the terms of this Agreement before executing it, that they did consult with their attorneys, Harrison, Harrison & Associates, Ltd. prior to executing the Agreement, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

18.    **Representation of Plaintiffs' Attorneys**:  Plaintiffs' attorneys, Harrison, Harrison & Associates, P.C., represent and agree that, to the extent Plaintiffs could not read, consider or understand any term of this Agreement because it was in the English language, the entirety of this Agreement was translated for Plaintiffs into their respective languages and/or

explained to Plaintiffs in their respective languages, and that Plaintiffs acknowledged their understanding of the terms of this Agreement.

19.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

20.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22.    **Counterparts**:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.  Any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

23.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24.    **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25.    **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Attending's Counsel or Plaintiffs' Counsel, respectively, as follows:

Attending's Counsel:

Ira D. Wincott
Daniel Gomez-Sanchez, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747

Plaintiffs' Counsel:

David Harrison, Esq.
Harrison, Harrison & Associates, Ltd.
110 State Highway 35, Suite 10
Red Bank, New Jersey 07701

Either Party may give notice of change of address in writing as set forth in this Paragraph.   If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

26.   **Effective Date**. This Agreement shall not be effective or enforceable and no distribution of the Settlement Amount will be made by Plaintiffs' Counsel unless and until all of the following events occur: (a) Plaintiffs sign and return this Agreement to Attending's Counsel; (b) Plaintiffs' Counsel signs and returns this Agreement and the Stipulation of Dismissal with Prejudice (attached as Exhibit A) to Attending's Counsel; (c) Attending's Counsel receives a completed Form W-9 from Harrison, Harrison & Associates, Ltd. and completed Forms W-4 and W-9 from all Plaintiffs; and (d) the Court approves this Agreement and Plaintiffs' release of claims under the FLSA, and so orders the Stipulation of Dismissal with Prejudice, such that the Action is dismissed with prejudice and closed (the "Effective Date").

27.   **Binding Nature of Agreement**.   This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, insurers, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns.

28.   **Authority to Execute Agreement**:   The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.   PLAINTIFFS FURTHER ACKNOWLEDGE THAT THEY HAVE SPOKEN WITH THEIR ATTORNEY, DAVID HARRISON, BEFORE SIGNING THIS AGREEMENT, AND ARE SATISFIED WITH THE ADVICE THAT WAS PROVIDED.**

**AGREED:**

**EMMANUEL KERIGA**                           **ATTENDING HOME CARE SERVICES, LLC**

By: _____              By: _____
       Emmanuel Keriga                                           David Inzlicht

7

Dated: 02/07/2018                    Dated:_____

**MARIE REGOURD**

By:_____
        Marie Regourd

Dated:_____

As to Paragraph 18 Only:

Harrison, Harrison & Associates, Ltd.
110 State Highway 35, Suite 10
Red Bank, New Jersey 07701

By:_____
        David Harrison

8

Dated: _____          Dated: 12-9-18 _____

MARIE REGOURD

By: _____
        Marie Regourd

Dated: _____

As to Paragraph 18 Only:

Harrison, Harrison & Associates, Ltd.
110 State Highway 35, Suite 10
Red Bank, New Jersey 07701

By: _____
        David Harrison

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL KERIGA, individually<br>and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ATTENDING HOME CARE SERVICES, LLC,<br><br>Defendant. | Docket No.: 17 CV 06019<br><br><br>**JOINT STIPULATION AND ORDER<br>OF DISMISSAL WITH PREJUDICE** |

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

     (a)    the parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable; and

     (b)    the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party..

Dated:  December __, 2018

**HARRISON, HARRISON & ASSOCIATES, LTD.**

_____
By: David Harrison

110 State Highway 35, Suite 10
Red Bank, New Jersey 07701
(718) 799-9111

*Attorneys for Plaintiffs*

Dated:  December __, 2018

**LITTLER MENDELSON, P.C.**

_____
By: Daniel Gomez-Sanchez

290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

*Attorneys for Defendant*

SO ORDERED:

_____
Hon. ***********

FIRMWIDE:160797719.6 090454.1003